# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff

v.

SUN CITY ANTHEM COMMUNITY
ASSOCIATION, INC., et al.,

    Defendants

Case No.: 2:17-cv-02161-APG-PAL

**Order**

[ECF Nos. 28, 29, 30, 45]

    Plaintiff Bank of New York Mellon (BONY) sues to determine whether a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Sun City Anthem Community Association (Sun City), extinguished BONY's deed of trust encumbering property located at 2167 Maple Heights in Henderson, Nevada. BONY also sues Sun City for damages if its deed of trust was extinguished. Defendant 2167 Maple Heights Trust (Trust) bought the property at the HOA foreclosure sale, and it counterclaims for a declaration that the deed of trust no longer encumbers the property.

    I grant BONY's motion for summary judgment on the competing claims to determine adverse interests in property. BONY tendered payment of the superpriority amount, so that portion of the HOA's lien was no longer in default. As a result, the foreclosure sale was void as to the superpriority portion of the lien, and the Trust took title to the property subject to the deed of trust. Because BONY's damages claims are pleaded in the alternative if the deed of trust was extinguished, I dismiss those claims as moot.

////

////

## I. BACKGROUND

Paul and Anne Jelley purchased the property in December 2004. ECF No. 28-1 at 2, 4. They financed the purchase through a loan from Silver State Financial Services, which was secured by a deed of trust encumbering the property. *Id.* at 2-3.  The deed of trust was later assigned to BONY as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust, 2005-13CB, Mortgage Pass-Through Certificates, Series 2005-13CB. *Id.* at 22.

The property is subject to the covenants, conditions, and restrictions (CC&Rs) for the Sun City Anthem HOA. ECF No. 28-2 at 2-88.  Under the CC&Rs, the homeowner agrees to pay HOA assessments. *Id.*  In July 2012, Sun City, through its agent Red Rock Financial Services (Red Rock), recorded a notice of lien for delinquent assessments. *Id.* at 90.  The notice stated the amount due as $1,274.88, including "assessments, late fees, interest, fines/violations, collection fees, costs or partial payments." *Id.*  Red Rock recorded a notice of default and election to sell in September 2012. *Id.* at 92.

In October 2012, the law firm Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer) contacted Sun City on behalf of BONY's predecessor, Bank of America, to determine the payoff amount for the superpriority lien. ECF No. 28-3 at 9.  In that letter, Miles Bauer argued that while a portion of the HOA's lien was "arguably" senior to the deed of trust, the portion of the HOA's lien related to collection costs was junior to the first deed of trust. *Id.* at 9-10.  Bank of America offered to pay whatever the superpriority amount was, as calculated by nine months of common assessments pre-dating the notice of default. *Id.* at 10.

In response, Red Rock provided a ledger showing the charges associated with the property and demanded a payment of the entire balance, which at that time was $2,666.36.

////

*Id.* at 12.  The ledger included unpaid assessments, late fees, interest, and collection costs.  *Id.* at 17-19.  There were no nuisance or abatement charges.  *Id.* at 17-19, 30.

Miles Bauer responded that the payoff total included amounts that were junior to Bank of America's deed of trust but that Bank of America nevertheless wanted to "make a good-faith tender of [the] collection costs as part of the super-priority amount."  *Id.* at 23.  Miles Bauer stated that "reasonable collection costs in relation to [Bank of America]'s position as the first deed of trust lienholder, as opposed to a unit owner, is thought to be $708.68."  *Id.*  Bank of America offered a total of $1,533.68, reflecting nine months' worth of common assessments along with $708.68 in collection costs.  *Id.*  The Miles Bauer letter contained the following language:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [Bank of America's] financial obligations towards the HOA in regards to the real property located at 2167 Maple Heights Court have now been "paid in full".

*Id.*  The letter attached a check in the amount of $1,533.68.  *Id.* at 24.  Red Rock rejected the payment.[1]  *Id.* at 31.

Red Rock recorded a notice of foreclosure sale on February 12, 2014.  *Id.* at 47.  The sale took place on that March 7, 2014.  *Id.*  The Trust bought the property for $6,500.00.  *Id.* at 47-52; *see also* ECF No. 30 at 76-77.

/ / / /

/ / / /

---

[1] No party has provided evidence of whether Red Rock communicated that rejection to BONY or whether it simply did not cash the check.  No evidence has been offered as to why Red Rock rejected the payment.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Quiet Title

Nevada Revised Statutes § 40.010 provides that an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." This type of action "does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title."

*Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (en banc) (quotation omitted).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for payment in full and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

There is no dispute that BONY's predecessor tendered the superpriority amount in full. Indeed, it offered to pay more than the superpriority amount. The Trust asserts the tender nevertheless is invalid because Bank of America had no right to insist that Sun City accept the facts and arguments in the Miles Bauer letter and release Bank of America from having to pay any future amounts related to the property. The Supreme Court of Nevada has rejected these arguments when considering identical language. *See Bank of Am., N.A.*, 427 P.3d at 118. The Miles Bauer letter thus did not impose impermissible conditions as a matter of law.

Sun City attempts to distinguish these cases by contending that BONY could not simultaneously insist that nine months of assessments was the proper amount while also insisting that the proper amount was nine months of assessments plus "reasonable" collection costs in an amount unilaterally determined by Bank of America. The Supreme Court of Nevada has found tender was valid where more than the superpriority amount was tendered. *See Carrington Mortg. Holdings, LLC v. R Ventures VIII*, LLC, 2018 WL 6133941, at *1, 429 P.3d 1256 (Nev. 2018) ("[T]he district court erroneously granted summary judgment for respondent, as appellant Carrington's predecessor tendered $655.14 to the HOA's agent, which undisputedly exceeded 9 months of assessments."); *Saticoy Bay LLC Series 3123 Inlet Bay v. Nationstar Mortg., LLC*,

2018 WL 6134207, at *1, 429 P.3d 1257 (Nev. 2018) (similarly holding that tender of more than

9 months of assessments cured the default of the superpriority amount); *see also Valencia Mgmt.*

*LLC Series 1 v. Bank of Am., N.A.*, No. 72946-COA, 2019 WL 316915, at *1 (Nev. Ct. App. Jan.

16, 2019) (holding tender was valid even though the bank offered to pay nine months of

assessments "plus some amount for collection costs").  This court has rejected similar arguments.

*Bank of New York Mellon v. Hillcrest at Summit Hills Homeowners Ass'n*, No. 2:16-cv-02295-

GMN-PAL, 2019 WL 415324, at *6 (D. Nev. Jan. 31, 2019); *U.S. Bank, Nat'l Ass'n v. NV*

*Eagles, LLC*, No. 2:15-cv-00786-RCJ-PAL, 2017 WL 2259768, at *3 (D. Nev. May 23, 2017).  I

agree with these rulings.  BONY's tender was not invalidated by the fact that it took the position

that the superpriority amount consisted of only nine months of assessments but nevertheless

agreed to pay that amount and more to satisfy the superpriority lien.

        The Trust and Sun City next argue that even if tender was valid, Red Rock justifiably and

in good faith rejected the payment because, at that time, the law was unclear as to whether the

superpriority amount included collection costs.[2]  The Supreme Court of Nevada has rebuffed

similar arguments. *See, e.g.*, *Bank of New York Mellon as Tr. for Registered Holders of CWABS,*

*Inc. v. SFR Investments Pool 1, LLC*, 2019 WL 292634, at *1, 433 P.3d 262 (Nev. 2019) (stating

the HOA collection agent's "subjective good faith in rejecting the tender is legally irrelevant, as

the tender cured the default as to the superpriority portion of the lien by operation of law");

*Aviano Homeowners' Ass'n v. Wilmington Tr., N.A. as Tr. for Structured Asset Mortg.*

*Investments II Tr.*, 433 P.3d 262 (Nev. 2019) (same); *BAC Home Loans Servicing, LP v.*

---

[2] Sun City also argues I should conclude that the Supreme Court of Nevada incorrectly decided *Horizon at Seven Hills v. Ikon Holdings*, 373 P.3d 66 (Nev. 2016) (en banc) because the superpriority lien should include certain collection costs.  But that court, not this one, "is the final arbiter of the meaning of its state's statutes." *Clark v. Brown*, 450 F.3d 898, 912 (9th Cir. 2006).

*Aspinwall Court Tr.*, 2018 WL 3544962, at *1, 422 P.3d 709 (Nev. 2018) (stating the court was "not persuaded" that this was a "justifiable basis" to reject tender given the explanations of the bank's legal position contained in the letters sent by the bank's agent).

In any event, Sun City and the Trust have not presented evidence raising a genuine dispute that Red Rock rejected the tender in good faith. "[G]ood faith is a question of fact." *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998). There is no evidence as to why Red Rock rejected the payment or that it acted in good faith in doing so. Sun City and the Trust argue Red Rock had a good faith basis to reject the tender, but "[a]rguments of counsel . . . are not evidence and do not establish the facts of the case." *Nev. Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 338 P.3d 1250, 1255 (Nev. 2014) (en banc) (quotation omitted).

Finally, the Trust asserts that the tender was never recorded and that it is a bona fide purchaser. The Supreme Court of Nevada has ruled that recording a tender offer is not required and bona fide purchaser status is irrelevant if tender was validly made. *Bank of Am., N.A.*, 427 P.3d at 119-21.

No genuine dispute remains that BONY validly tendered the superpriority amount. That tender "cured the default as to the superpriority portion of the HOA's lien," so "the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. The final result is that the Trust purchased the property subject to BONY's deed of trust. *Id.* I therefore grant BONY's motion for summary judgment on both its claim and the Trust's counterclaim to determine adverse interests in the subject property. I dismiss this claim as moot as to Sun City because it is no longer a necessary party to the claim given that the foreclosure sale will not be unwound.

**B. Bad Faith and Wrongful Foreclosure**

The complaint's allegations and prayer for relief request damages against Sun City for bad faith and wrongful foreclosure if the court determines the HOA foreclosure sale extinguished the deed of trust. ECF No 1 at 11, 13. Because I grant summary judgment in favor of BONY on the question of whether the deed of trust was extinguished, BONY has received the relief it requested. I therefore dismiss as moot the alternative damages claims against Sun City.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 28) is GRANTED in part**. The clerk of court is instructed to enter judgment in favor of Bank of New York Mellon, formerly known as Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-13CB, Mortgage Pass-Through Certificates, Series 2005-13CB and against defendant 2167 Maple Heights Trust as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on March 7, 2014 did not extinguish Bank of New York Mellon's interest as trustee in the property located at 2167 Maple Heights Court in Henderson, Nevada, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that defendant 2167 Maple Heights Trust's motion for summary judgment **(ECF No. 30) is DENIED**.

IT IS FURTHER ORDERED that defendant Sun City Anthem Community Association, Inc.'s motion for summary judgment **(ECF No. 29) is GRANTED in that I dismiss as moot plaintiff Bank of New York Mellon's claims against this defendant**.

/ / / /

/ / / /

IT IS FURTHER ORDERED that plaintiff Bank of New York Mellon's motion for leave to file supplemental authority **(ECF No. 45) is GRANTED**.

DATED this 19th day of February, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE